UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLOBAL LEGENDS TRUST                                   CIVIL ACTION

VERSUS                                                 NO. 26-287-SDD-EWD

JPMORGAN CHASE BANK, N.A.

NOTICE AND ORDER

This suit, claiming damages resulting from an alleged breach of certain obligations related to a Bill of Exchange, was removed to this Court on the basis of diversity subject matter jurisdiction under 28 U.S.C. § 1332.[1] Global Legends Trust ("Plaintiff"), who is currently represented by its trustee, Eli Fields ("Fields"),[2] has filed a Motion to Remand disputing that there is complete diversity of citizenship.[3] Fields, a non-lawyer, may not represent Global Legends Trust in this Court, so the arguments made in the Motion to Remand will not be considered.[4] However, since the Court has an independent obligation to ensure its own jurisdiction, it has independently evaluated subject matter jurisdiction based on the Notice of Removal.[5] Because the parties' diverse citizenship and the amount in controversy has been adequately established, the Court has subject matter jurisdiction over this matter, as explained below. Further, as Fields, a non-lawyer, cannot represent Plaintiff, Plaintiff will be required to enroll a lawyer to represent it in this case. For this

---

[1] R. Doc. 1, ¶¶ 1-5 (Notice of Removal). Documents in the record are referred to as "R. Doc. _."

[2] *See* R. Doc. 5 (Plaintiff's Motion to Remand to State Court and Memorandum in Support).

[3] R. Doc. 5 (Motion to Remand). The Motion to Remand is opposed by JPMorgan Chase Bank ("Defendant"). R. Doc. 7 (Opposition Memorandum). Plaintiff also filed a reply memorandum. R. Doc. 10 (Reply Memorandum).

[4] *Rodgers v. Lancaster Police & Fire Dept*., 819 F.3d 205, 210 (5th Cir. 2016) ("those not licensed to practice law may not represent the legal interests of others"); *see also Dillard Family Trust v. Chase Home Fin., LLC*, No. 11-1740, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011) ("In an Article III court, a non-attorney trustee may not represent a trust *pro se*.") (collecting cases).

[5] *Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006), citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Global Legends Trust c/o Eli Fields by regular mail and by certified mail return receipt requested no. 7020 0640 0001 4750 5746

reason, all pending motions will also be terminated without prejudice, subject to Plaintiff retaining a lawyer to represent it in this case.

## I.    BACKGROUND

### A.  Plaintiff's Claims

On February 6, 2026, Plaintiff filed a Verified Complaint for Declaratory Relief, Breach of Commercial Duty, and Damages (the "Complaint") in Louisiana state court, asserting claims against Defendant related to a $1,440,000 Bill of Exchange.[6] Plaintiff contends that Defendant retained this Bill of Exchange and failed to honor it, entitling Plaintiff to, in addition to other requests for relief, $87,500 in liquidated damages.[7]

### B.  Procedural History

Defendant removed the case to this Court on March 17, 2026, alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332.[8] Plaintiff filed the Motion to Remand on March 23, 2026, arguing that Defendant had not adequately established Plaintiff's citizenship and that the removal was procedurally defective.[9]

## II.    LAW AND ANALYSIS

### A.  Legal Standard for Removal

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[10] The removing party bears the burden of

---

[6] R. Doc. 1-1, pp. 2-57.

[7] R. Doc. 1-1, p. 4, Sect. V.

[8] R. Doc. 1, introduction.

[9] R. Doc. 5, pp. 3, 5-9. The Motion to Remand is not properly before the Court because it was filed by Fields, a non-attorney, on behalf of Plaintiff.

[10] 28 U.S.C. § 1441(a).

showing that federal jurisdiction exists.[11] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[12] Remand is proper if at any time the court lacks subject matter jurisdiction.[13] The court has an independent obligation to ensure its jurisdiction and can consider the question of subject matter jurisdiction on its own motion regardless of whether a party challenges it.[14]

### B. Subject Matter Jurisdiction Is Adequately Alleged

#### 1. Legal standard for citizenship allegations

Courts in this district have repeatedly required that the burden on the removing party is to "distinctly and affirmatively allege" the citizenship of each party in its notice of removal.[15] The United States Court of Appeals for the Fifth Circuit ("Fifth Circuit"), whose opinions this Court is obligated to follow, has provided the same instruction.[16] However, a notice of removal need not contain evidentiary submissions.[17] Additionally, the Fifth Circuit and this district have recognized

---

[11] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[12] 28 U.S.C. § 1332(a)(1), (b).

[13] *See* 28 U.S.C. § 1447(c).

[14] *Arbaugh*, 546 U.S. at 514, citing *Ruhrgas AG*, 526 U.S. at 583; *see also Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004) ("[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte.") (citations omitted).

[15] *See Picard v. Kirk Key Interlock Co., LLC*, No. 07-763, 2008 WL 565465, *1 (M.D. La. Feb. 27, 2008) ("When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged"); *Toney v. Knauf Gips KG*, No. 12-638, 2012 WL 5923960, *1 (M.D. La. Oct. 25, 2012) (same).

[16] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir.1991), quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975); *see also Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir.1988) ("We have stated repeatedly that when jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'") (citing cases); *B., Inc. v. Miller Brewing*, 663 F.2d 545, 549 (5th Cir. 1981) ("where an out-of-state defendant removes an action from state to federal court, the burden is upon the removing party to plead a basis for federal jurisdiction").

[17] *Leblanc v. Stoneham*, No. 16-283, 2016 WL 4005395, at *1 (W.D. La. Apr. 26, 2016), report and recommendation adopted, No. 16-283, 2016 WL 4006089 (W.D. La. July 25, 2016), citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 135 S. Ct. 547, 551 (2014) ("A notice of removal 'need not contain evidentiary submissions,' but evidence supporting citizenship allegations and amount-in-controversy allegations are necessary if the court's subject-matter jurisdiction is challenged by means of a motion to remand."). Though the Court is not

that unrebutted allegations of a party's citizenship based on "information and belief" are sufficiently distinct and affirmative allegations.[18] It logically follows that, if allegations on information and belief sufficient, and a notice of removal need not contain evidentiary submissions, then direct citizenship allegations in a notice of removal are sufficiently distinct and affirmative, even if pleaded in the alternative, where diversity of citizenship exists regardless of which citizenship allegations are correct.

### 2. Defendant sufficiently alleges the citizenship of all parties

The citizenship of a national banking association, which Defendant is alleged to be, is determined by the location of its main office.[19] The Notice of Removal states that Defendant's main office is in Ohio.[20] Defendant is, therefore, alleged to be a citizen of Ohio.

As to Plaintiff, the Fifth Circuit has held on several occasions, and consistent with the Supreme Court's decisions in *Navarro Savings Assn. v. Lee*[21] and *Americold Realty Trust v. Conagra Foods, Inc.*,[22] that when a trustee sues or is being sued in his own name or capacity, the

---

addressing Plaintiff's challenges to citizenship in the Motion to Remand now, subject matter jurisdiction cannot be waived, and Plaintiff may challenge jurisdiction through a motion to remand once it retains counsel, as ordered below. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.1996), citing Fed. R. Civ. P. 12(h)(3) and *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941) ("The parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived.").

[18] *See S. Marsh Collection, LLC v. S. Proper Co., LLC*, 771 F.Supp.3d 852, 870-71 (M.D. La. 2025), citing *Volentine v. Bechtel, Inc.*, 209 F.3d 719 (unpublished), 2000 WL 284022, at *2 (5th Cir. 2000) ("The Court found that the defendants' allegation satisfied the citizenship requirement because the plaintiffs 'failed to demonstrate that this was incorrect' as 'unrebutted allegations of citizenship in a removal petition based on information and belief [are] sufficient to satisfy the removal statute.'"). The United States District Court for the Eastern District of Texas, which is within the Fifth Circuit, has recognized the same. *See Hise Real Estate Investments, LP v. Great Lakes Ins. SE,* No. 20-820, 2021 WL 217264, at *2 (E.D. Tex. Jan. 21, 2021) (noting that, while the Fifth Circuit has not expressly held that a party may plead citizenship upon information and belief, a Fifth Circuit case approved removal where the allegations were based on information and belief and several other district courts in the Circuit have similarly permitted pleading citizenship upon information and belief) (citing *Volentine*, 2000 WL 284022, at *2 and collecting cases).

[19] *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (finding that for diversity purposes a national bank is the citizen off the state that its articles of association designate as its main office); *see also Crear v. JP Morgan Chase Bank N.A.*, No. 10-10875, 2011 WL 1129574, at *2, n. 12 (5th Cir. Mar. 28, 2011).

[20] R. Doc. 1, ¶¶ 8-9.

[21] 446 U.S. 458 (1980).

[22] 577 U.S. 378 (2016).

4

citizenship of the trustee controls.[23] Here, however, Global Legends Trust, not trustee Eli Fields, is the Plaintiff listed in this action. *Americold* holds that, if the trust is a "traditional trust," and is therefore "not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people," then the trustee's citizenship controls, and "therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued."[24] If however, the trust is some other type of legally distinct entity, then the members of the trusts will need to be identified along with their citizenships.[25] Defendant alternatively pleaded Plaintiff's citizenship to ensure that, no matter what type of entity Global Legends Trust is, its citizenship was adequately alleged.[26]

---

[23] *See, e.g., Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Serie*s *2006-24*, 866 F.3d 351, 357 (5th Cir. 2017) (holding in a suit where a trustee was a litigant: "As we recognized in *Justice*, *Americold* 'reiterated [the Supreme Court's] prior holding in *Navarro* ..., 'that when a trustee files a lawsuit in her name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person.' '*Id.* (quoting *Americold*, 136 S.Ct. at 1016). Indeed, *Americold* emphasized that *Navarro*'s rule 'coexists' with *Americold'*s discussion that, "when an artificial entity is sued in its name, it takes the citizenship of each of its members." *See Americold*, 136 S.Ct. at 1016. … Here, similar to the trustee in *Justice*, BONYM was sued in its capacity as a trustee. Thus, *Navarro* controls…."); *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Commercial Mortgage. Pass-Through Certificates, Series 2007-3,* 881 F.3d 933, 940 (5th Cir. 2018) (same, holding: "[In *Americold*] … the Supreme Court held that the real estate investment trust's shareholders' citizenships must be considered… Significantly, because the real estate investment *trust* was *sued in its own name*, the Supreme Court declined to apply the rule from *Navarro* that a federal court looks only at the trustee's citizenship. *Id.* at 1017. Because SGK and Katz sued the U.S. Bank in its capacity as trustee, their reliance on *Americold* is unavailing.") (emphasis in original); *Cook v. Marshall,* 126 F.4th 1031, 1036 (5th Cir. 2025) ("To begin with, the trusts themselves, TMHF and MLF, are not parties. Nor could they be. As traditional trusts, they cannot sue or be sued and, in fact, are not legal entities at all but 'relationships' with no citizenship of their own…This means Cook and Preston [the plaintiff trustee who sued the trustee of a related trust for mismanagement, both named in their own names] are the only parties whose citizenship matters."); *Hometown 2006-1 1925 Valley View, L.L.C. v. Prime Income Asset Mgt., L.L.C.,* 847 F.3d 302, 306-07 (5th Cir. 2017) (considering only the citizenship of the trustee of the trust that was the sole member of the plaintiff limited liability company for purposes of determining the plaintiff's citizenship); and *Justice v. Wells Fargo Bank Nat'l Ass'n,* 674 Fed. Appx. 330, 332 (5th Cir. 2016), *as revised* (Mar. 22, 2017) (the citizenship of the defendant bank was that of its trustee because it was sued in its capacity as trustee, and not that of its beneficiaries because the trustee "wields the very sort of 'real and substantial' control over assets held in its name that was long ago contemplated by the Supreme Court in *Navarro*.").

[24] *Americold,* 577 U.S. at 383 (noting that the fiduciary relationship in a traditional trust "was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name… And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes") (citations omitted).

[25] *Bynane*, 866 F.3d at 356-57, citing *Americold,* 577 U.S. at 383 ("Treating the trust as a non-corporate artificial entity and applying the 'oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all [its] members,' the Supreme Court held that the real estate investment trust's shareholders' citizenships must be considered.").

[26] *See* R. Doc. 1, ¶ 8.

The alleged members and the trustee of Plaintiff are natural persons. A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely.[27]

In the Notice of Removal, Defendant alleges Plaintiff's citizenship as follows: "Plaintiff's Trustee (Eli Fields) and Protector (Dawn Fields) are citizens of Louisiana. Plaintiff's Guarantor/Trustor (Erica Fields) is a citizen of Louisiana or New Jersey. Upon information and belief, Erica Fields, Eli Fields and/or Dawn Fields are the only beneficiaries or members of Plaintiff, or Plaintiff is a completely fictitious entity all together. Whether determined by the citizenship of its members/beneficiaries and/or its trustee, Plaintiff is a citizen of Louisiana and/or New Jersey."[28] These allegations are distinct and affirmative allegations of Plaintiff's citizenship. Though Defendant alternatively pleads the citizenship of Erica Fields, the allegations of her Louisiana or New Jersey citizenship are still affirmative and neither citizenship allegation would destroy diversity, as Defendant is a citizen of Ohio. If Plaintiff's citizenship is determined by that of its trustee, Plaintiff is a citizen of Louisiana, which is, likewise, still diverse from Defendant's Ohio citizenship.

Defendant alleged the citizenship of all potential members and the trustee out of an abundance of caution, as Defendant was seemingly unsure of the specific type of trust Plaintiff is. This approach ensures that, regardless of the type of trust, adequate citizenship allegations are in the record. The Fifth Circuit has recognized the uncertainty with regard to pleading the citizenship of trusts and has previously requested clarification from the parties in a case where diversity

---

[27] *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir.1985).

[28] R. Doc. 1, ¶ 8.

6

jurisdiction was alleged involving a trust as to whether a trust's citizenship should be determined by the citizenship of its trustee or by the citizenship of the trust's beneficiaries.[29]

Since Plaintiff is alleged to be a citizen of Louisiana and/or New Jersey and Defendant is alleged to be a citizen of Ohio in the Notice of Removal, the parties are completely diverse.

### 3. Amount in controversy is adequately established

In the Notice of Removal, Defendant alleges that amount in controversy is met because Plaintiff prays "For Liquidated Damages as set forth in the Trust Fee Schedule, totaling no less than $87,500 (representing initial violations and accrued daily fees) . . . For an Order requiring Defendant to either apply the $1,440,000.00 Bill of Exchange to the account or return the original instrument with a verified explanation of dishonor."[30] Based on Plaintiff's allegation in the Complaint seeking damages totaling more than $75,000, amount in controversy is satisfied.[31]

The allegations in the Notice of Removal, therefore, satisfy the requirements for diversity jurisdiction under 28 U.S.C. § 1332 as the parties are completely diverse and it is facially apparent that the amount in controversy is met.

### C. Non-Attorney Trustee Eli Fields Cannot Represent Global Legends Trust

"[T]hose not licensed to practice law may not represent the legal interests of others"[32] in federal court. Fields, Plaintiff's trustee and a non-attorney, is currently representing Plaintiff in

---

[29] *See, e.g., Baton Rouge Ventures v. Cedar Grove Capital*, No. 23-30741, Docket No. 49 (5th Cir. July 9, 2024) (letter requiring the parties to submit supplemental briefs on the citizenship of a trust that was a downstream member of the plaintiff, a limited liability company).

[30] R. Doc. 1, ¶ 11, citing R. Doc. 1-1, p. 4.

[31] "A plaintiff's allegation that the matter in controversy exceeds the jurisdictional amount requirement is sufficient to meet the amount in controversy test unless challenged." *Express Air, Inc. v. Gen. Aviation Servs., Inc.,* 806 F. Supp. 619, 622 (S.D. Miss. 1992), citing *Gibbs v. Buck,* 307 U.S. 66, 72 (1939); *Dassinger v. South Central Bell Telephone Company,* 505 F.2d 672 (5th Cir.1974) (dictum); and *Hupp v. Port Brownsville Shipyard, Inc.,* 515 F.Supp. 546, 548 (S.D. Tex. 1981).

[32] *Rodgers*, 819 F.3d at 210.

this case.[33] Because a non-attorney cannot represent Plaintiff in this court, Plaintiff must hire a lawyer to represent it in this case.[34] This is true regardless of the kind of trust entity Plaintiff is.[35] Since Fields may not represent Plaintiff in this court, all pending motions[36] will be terminated without prejudice as Fields has no authority to represent Plaintiff with regard to filing or responding to these motions. The motions may be reasserted, as appropriate and/or necessary, if

---

[33] There is no listing for Eli Fields as a licensed attorney in the State of Louisiana according to the membership directory for the Louisiana State Bar Association. https://www.lsba.org/MD321654/MembershipDirectory.aspx.

[34] *Tennyson v. LoanCare LLC*, No. 25-00661, 2026 WL 529284, at *1 (N.D. Tex. Feb. 5, 2026), report and recommendation adopted, No. 25-661, 2026 WL 528018 (N.D. Tex. Feb. 25, 2026), quoting *Dillard Family Trust*, 2011 WL 6747416, at *5 (collecting cases). Every federal circuit court to decide the issue, including the Fifth Circuit, has found that a non-lawyer trustee cannot represent a trust in federal court. *See United States v. Mikulin*, No. 21-20378, 2022 WL 1421828, at *1 (5th Cir. May 5, 2022) (dismissing trusts' appeal because the trusts could not proceed in federal court without a lawyer); *Porter v. Metrowest Bank*, 187 F.3d 622, 622 n. 1 (1st Cir. 1998) (noting no viable appeal on behalf of the trust because the trust failed to enroll a lawyer after being notified that its non-lawyer trustee could not represent the trust in the appeal); *Van de Berg v. C.I.R.*, 175 Fed.Appx. 539, 541 (3rd Cir. 2006) (finding that a non-lawyer trustee may not represent a trust pro se in federal court and dismissing the appeal for failure to prosecute where the trust failed to comply with the directive to retain counsel); *Estate of Bessette v. Wilmington Trust, N.A.*, No. 17-1199, 2017 WL 3747204, at *1 (6th Cir. May 16, 2017) (dismissing appeal filed by pro se litigant as personal representative of estate, finding that personal representative may appear pro se only if she/he is the sole beneficiary of the estate and the estate lacks creditors, regardless of the representative's fiduciary duty); *Great Am. Life Ins. Co. v. Shenkin as Trustee of Holiday Fam. Trust*, No. 14-3533, 2015 WL 13928758, at *2 (6th Cir. June 5, 2015) (noting that non-attorney trustee could not represent trust); *Smith v. Mission Lane, LLC*, No. 25-2689, 2026 WL 511139, at *2 (7th Cir. Feb. 24, 2026) (non-attorney trustee may not represent a trust pro se)(citation omitted); *United States v. Mengedoht*, 790 Fed.Appx. 841, 841-42 (8th Cir. 2020) (accord); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (citation omitted) (accord); *In re Wilson*, 860 Fed.Appx. 147, 150 (10th Cir. 2021) (dismissing appeal because "[e]ven if [the plaintiff] is the trust's managing director, as implied in the caption, this position would not entitle him to prosecute the appeal on behalf of the trust itself."); and *J.J. Rissell, Allentown, PA Trust v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020) ("[A] nonlawyer trustee has no authority to represent a trust in court. A 'trustee represents the interests of others and would therefore be engaged in the unauthorized practice of law' if allowed to appear pro se as a nonlawyer.") (citation omitted).

[35] *See Platt v. Michaan*, No. 19-4234, 2021 WL 1573951, at *2, n.1 (S.D.N.Y. April 22, 2021) ("The Court also finds that Plaintiffs' citation of *Americold Realty Trust v. Conagra Foods, Inc.*, which held that diversity of citizenship for a trust is determined by the citizenship of its members, is inapposite, as it does not address pro se representation. 577 U.S. 378, 382–83 (2016)"). Even if Plaintiff is a traditional trust, such that it is not a "distinct legal entity, but a 'fiduciary relationship' between multiple people" as described in *Americold*, a non-lawyer would not be permitted to represent the interests of the other members of the trust (such as Erica and Dawn Fields), even as trustee. *See, e.g.*, *Gonzales v. Wyatt*, 157 F.3d 1016, 1022 (5th Cir. 1998) ("in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.") (citations omitted).

[36] R. Docs. 4, 5, 9, 15, 18, 19, 21, 23, 25.

8

Plaintiff enrolls a lawyer to represent it in this case. Plaintiff is expressly advised that the case is subject to dismissal if no lawyer is enrolled to represent it.[37]

In addition to challenging the sufficiency of the jurisdictional allegations in the Notice of Removal, Plaintiff's Motion to Remand also asserts that the removal was procedurally defective.[38] Though these arguments are not properly before the Court as the Motion to Remand was filed by Fields on behalf of Plaintiff, procedural defects in removal must be raised within 30 days of removal.[39] The Court will toll this deadline and allow Plaintiff, if it retains a lawyer, to re-assert any defects in removal other than lack of subject matter jurisdiction within thirty (30) days of enrolling counsel in this matter. As challenges to subject matter jurisdiction may be raised at any time and can never be waived,[40] it is not necessary to toll the time period to raise those challenges.

## III.    CONCLUSION

The Court has sua sponte reviewed the Notice of Removal and Defendant has adequately pleaded this Court's subject matter jurisdiction. However, because Plaintiff may not be represented by a non-attorney trustee, Plaintiff will be given thirty (30) days to enroll an attorney to represent it in this case. All pending motions will be terminated without prejudice and Plaintiff will be given

---

[37] *See Tennyson*, 2026 WL 529284, at *1 (N.D. Tex. Feb. 5, 2026), ("Plaintiff represents in court filings that she is proceeding as the trustee of the Rachel N. Tennyson Trust, but '[a] *pro se* individual cannot represent the interests of a trust and the Court cannot allow the case to proceed.' *Hand of Yhwh Trust v. Dominguez*, 2020 WL 2476984, at *2 (N.D. Tex. Apr. 21, 2020) (Reno, J.), *adopted by* 2020 WL 2476423 (N.D. Tex. May 13, 2020) (Kacsmaryk, J.). So this case is subject to dismissal under Rule 41(b). *See id.* (dismissing case under Rule 41 because a *pro se* plaintiff cannot represent a trust); *Linwood v. Fin. Am. LLC*, No. 24-2746, 2025 WL 432834, at *2–3 (N.D. Tex. Jan. 23, 2025) (McKay, J.) (same), *adopted by* 2025 WL 663102 (N.D. Tex. Feb. 28, 2025) (Scholer, J.); *Calvin v. Jackson*, 2022 WL 4281016, at *1–2 (N.D. Tex. Aug. 17, 2022) (Ray, J.) (same), *adopted by* 2022 WL 4280644 (N.D. Tex. Sept. 15, 2022) (O'Connor, J.)."). *See also*, n. 34, *supra*.

[38] R. Doc. 5, pp. 5-8.

[39] 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

[40] 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Coury*, 85 F.3d at 248, citing Fed. R. Civ. P. 12(h)(3) and *City of Indianapolis*, 314 U.S. at 76 ("The parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived.").

thirty (30) days after counsel enrolls to re-allege any procedural defects in removal.

Accordingly,

**IT IS ORDERED** that, since Plaintiff Global Legends Trust cannot be represented by a non-attorney, Plaintiff must enroll an attorney to represent it in this case by no later than **June 15, 2026.**

**NOTICE TO PLAINTIFF GLOBAL LEGENDS TRUST: This case may be dismissed without further notice if you do not timely enroll a lawyer.**

**IT IS FURTHER ORDERED** that Clerk of Court is instructed to **TERMINATE without prejudice** all pending motions[41] as Eli Fields, a non-attorney, may not represent Plaintiff Global Legends Trust in this case. Any motions may be reasserted, as appropriate and/or necessary, if Plaintiff enrolls a lawyer to represent it in this case.

.**IT IS FURTHER ORDERED** that, if Plaintiff Global Legends Trust enrolls counsel, it shall have thirty (30) days from the date it enrolls counsel to file a motion to remand raising defects in removal other than subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit this Order to Plaintiff Global Legends Trust by regular mail and by certified mail, return receipt requested to the address listed on PACER.

Signed in Baton Rouge, Louisiana, on May 15, 2026.

_Erin Wilder-Doomes_

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[41] R. Docs. 4, 5, 9, 15, 18, 19, 21, 23, 25.